IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHELE MAHEALANI VIERRA-PUPUNU, | ) CV. NO. 10-00313 DAE KSC |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ONEWEST BANK, INDYMAC FEDERAL BANK, FSB, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE CERTIFICATE-HOLDERS MORTGAGE PASS THROUGH CERTIFICATE SERIES INDX2007-ARS, I-LEND MORTGAGE, INC., and DOES 1 through 20 inclusive, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT; (2) DISMISSING THE COMPLAINT WITH PREJUDICE AS TO ALL DEFENDANTS NOT NAMED IN THE CAPTION; (3) DISMISSING THE COMPLAINT WITHOUT PREJUDICE AS TO ALL UNSERVED DEFENDANTS; AND (4) GRANTING PLAINTIFF <u>LEAVE TO AMEND THE COMPLAINT</u>

On March 29, 2011, the Court heard Defendants OneWest Bank, FSB

("OneWest") and Deutsche Bank National Trust Company as Trustee for the

Certificate-Holders Series Index 2007-ARS ("Deutsche Bank") (collectively,

"Moving Defendants")'s Motions to Dismiss. (Docs. ## 12, 24.) Dexter K.

Kaiama, Esq., appeared at the hearing on behalf of Plaintiff; Mary L. Martin, Esq., appeared at the hearing on behalf of Moving Defendants. After reviewing the supporting and opposing memoranda, the Court GRANTS Moving Defendants' Motions to Dismiss. (Docs. ## 12, 24.) Additionally, the Complaint is DISMISSED WITH PREJUDICE as against all defendants not named in the caption of the Complaint and is DISMISSED WITHOUT PREJUDICE as against all unserved defendants. Plaintiff is GRANTED leave to amend the Complaint.

BACKGROUND

On June 1, 2010, Plaintiff Michele Mahealanai Vierra-Pupunu ("Plaintiff") filed a Complaint against OneWest, Indymac Federal Bank, FSB ("Indymac"), Deutsche Bank, I-Lend Mortgage, Inc. ("I-Lend") and Does 1 through 20 inclusive, (collectively, "Defendants") alleging that Plaintiff had been lured into a predatory mortgage loan. ("Compl.," Doc # 1.)[1] Specifically, Plaintiff's Complaint alleges Counts: (Count I) violations of the Truth in Lending Act ("TILA") entitling Plaintiff to rescission of the mortgage and recoupment of expenses (id. ¶¶ 22–39); (Count II) violations of TILA entitling Plaintiff to loan damages (id. ¶¶ 40–42); (Count III) violations of the Real Estate Settlement

---

[1] Paragraphs 2–4 of the Complaint name defendants not identified in the caption of the Complaint. These defendants will be discussed below in Section I of the Discussion.

Procedures Act ("RESPA") (id. ¶¶ 43–46a); (Count IV) unfair or deceptive acts or practices ("UDAP") - Defendants Indymac and OneWest (id. ¶¶ 47–58); (Count V) UDAP - Defendant I-Lend (id. ¶¶ 59–70); (Count VI) fraud (id. ¶¶ 71–79) (Count VII) civil conspiracy (id. ¶¶ 80–84); (Count VIII)[2] aiding and abetting (id. ¶¶ 85–89); (Count IX) injunctive relief for lack of standing (id. ¶¶ 90–100); (Count X) improper restrictions resulting from securitization leaving note and mortgage unenforceable (id. ¶¶ 101–108); (Count XI) wrongful conversion of note - mortgagor never consented to securitization (id. ¶¶ 108–113)[3]; and fraudulent concealment entitling Plaintiff to tolling of the statute of limitations (id. ¶¶ 114–115).

Plaintiff is "an unsophisticated consumer in regards to credit transactions and is domiciled in the State of Hawaii." (Id. ¶ 1.) On March 9, 2007, Plaintiff entered into a loan transaction with Defendant Indymac to refinance her property. (Id. ¶ 13.) Plaintiff executed a note in the principal amount of $433,000.00, which was secured by a mortgage recorded on March 15, 2007, in the Bureau of Conveyances. (Id. ¶ 14, 24.) The real property at issue in this loan

---

[2] Plaintiff actually lists the eighth count as Count XIII. However, the Court assumes Plaintiff means Count VIII and construes her claim for aiding and abetting as such.

[3] Plaintiff's Complaint contains two paragraphs numbered "108."

transaction is designated as TMK (2) 4-6-006-063, located at 461 Alio Street,

Lahaina, Hawai`i, 96761 ("Subject Property").[4] (Id. ¶ 13.)

Plaintiff claims that she is an inexperienced and unsophisticated party

in matters of mortgage and loan financing, that Defendants inflated Plaintiff's

stated income in her loan application, gave her no time to read what she was

signing before the next document was presented for execution, and otherwise failed

to make required disclosures to Plaintiff. (Id. ¶¶ 13, 15, 17, 18, 20.) Specifically,

Plaintiff contends that she was not provided two copies of the Notice of Right to

Cancel, was not given a written document to retain for her own records, and was

not given a written "Truth-in-Lending Disclosure Statement." (Id. ¶¶ 17–18.)

---

[4] Plaintiff's Complaint also states that the Subject Property is located at 11-3193 Hoolehua Street, Volcano, Hawai`i, 96765. (Compl. ¶ 10.) However, Moving Defendants have attached Plaintiff's Mortgage to their Motions to Dismiss, both of which indicate that the Subject Property is actually that located at 461 Alio Street, Lahaina, Hawai`i, 96761. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the mortgage attached to Moving Defendants' Motions to Dismiss, as it is a "matter of public record" and may be considered on a motion to dismiss. See Lee v. City of Los Angeles, 250 F.3d 668, 688-689 (9th Cir. 2001). "Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991). Additionally, Plaintiff's Opposition indicates that the relevant property is the property located at 461 Alio Street, Lahaina, Hawai`i, 96761. (Opp'n at 2.) Thus, the Court construes the Complaint as only relating to the property located at 461 Alio Street, Lahaina, Hawai`i, 96761.

On November 4, 2010, OneWest filed a Motion to Dismiss ("Motion 1") for failure to state a claim upon which relief can be granted. ("Mot. 1," Doc. # 12.) On November 8, 2010, OneWest filed a Supplement re: Motion to Dismiss. (Doc. # 15.) On January 20, 2011, Defendant Deutsche Bank filed a Motion to Dismiss ("Motion 2"). (Doc. # 24.) On the same day, Deutsche Bank filed an Errata re: the Motion to Dismiss, which includes the motion in its entirety, as it was inadvertently not fully submitted in the previous document. ("Mot. 2," Doc. # 25.) On February 22, 2011, Plaintiff filed a Memorandum in Opposition to both Motions to Dismiss ("Opposition"). (Opp'n, Doc. # 28.) On March 1, 2011, Moving Defendants filed a Reply in support of their Motions. (Reply, Doc. # 29.)

STANDARD OF REVIEW

I.      Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.

1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.   See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.      Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)). "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state

a claim.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).

DISCUSSION

For the reasons set forth below, the Court concludes that Defendants' Motions to Dismiss should be granted.[5]  The Complaint is also dismissed with prejudice as against all defendants not named in the caption and is dismissed without prejudice as against all unserved defendants, and Plaintiff is given leave to amend the Complaint.

I.      <u>Defendants Not Named in the Caption and Unserved Defendants</u>

A.      <u>Defendants Not Named in the Caption</u>

As stated above in footnote 1, in paragraphs 2–4 of the Complaint, Plaintiff names Defendants U.S. Bank National Association as Trustee for the Benefit of Citigroup Mortgage Loan Trust, Inc. Asset-Backed Pass-Through Certificates Series 2007-AHL2, Bank of America fka Countrywide Home Loans,

---

[5] Contrary to Plaintiff's contention (Opp'n at 12–11), her participation in the Court's triage program does not affect whether the Court may consider Defendants' Motion to Dismiss at this time.

Inc., and Accredited Home Lenders, Inc.  However, these defendants are not named anywhere else in the Complaint, nor are they listed in the caption of the Complaint.  They also have not been served, and Plaintiff has not disputed Moving Defendants' arguments that these defendants were mistakenly included.  Thus, the Court construes these paragraphs as having been mistakenly included in the Complaint, and DISMISSES WITH PREJUDICE those aforementioned defendants not included in the caption of the Complaint.  The Court further notes that these mistakenly named defendants were the same defendants identified in <u>Labuanan v. U.S. Bank National Association et al.</u>, Cv. No. 10-00442 DAE-KSC, and cautions Plaintiff from further using form complaints.

      <u>B.</u>     <u>Unserved Defendants</u>

       Where a plaintiff fails to serve a defendant within 120 days of filing the Complaint, in accordance with Federal Rule of Civil Procedure ("FRCP") 4, and does not show good cause for such failure, the court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."  Fed. R. Civ. P. 4(m); <u>see</u> <u>Stanley v. Goodwin</u>, 475 F. Supp. 2d 1026, 1034–35 (D. Haw. 2005), aff'd, 262 F. App'x 786 (9th Cir. 2007).  Here, Defendants Indymac and I-Lend both were not served the Complaint within the 120 period, and have still not been served at the time of the hearing on the instant

10

Motion. Accordingly, the Court DISMISSES WITHOUT PREJUDICE the

Complaint as to Defendants Indymac and I-Lend.

II.      Count I: Truth in Lending Act Violations: Loan Rescission and
         Recoupment; Count II: Truth in Lending Act Violations: Loan Damages

         In Count I of the FAC, Plaintiff alleges that she is entitled to

rescission of the loan and recoupment[6] under TILA, 15 U.S.C. § 1601, et. seq.  In

Count II, Plaintiff alleges that she is entitled to damages under TILA pursuant to

15 U.S.C. § 1640.  In her Opposition, Plaintiff concedes that she "will not oppose

arguments advanced by OWB and Deutsche as to Count 1 and 2 of her Complaint

for rescission and damages under TILA."  (Opp'n at 5.)

         A.      Rescission Under 15 U.S.C. § 1635

         Section 1635(a), TILA's so-called buyer's remorse provision, gives

borrowers three business days to rescind the loan agreement without penalty.  15

U.S.C. § 1635(a); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699,

701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the

loan must be a consumer loan using the borrower's principal dwelling as security.

15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose

_____

         [6] Although Plaintiff's claim for recoupment is brought under Count I for
rescission, 15 U.S.C. § 1640(a) provides for damages, not rescission, thus the
Court will discuss Plaintiff's recoupment argument after her claim for damages.

11

important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986). Here, Plaintiff entered into the loan transaction on March 9, 2007 and initiated the instant lawsuit on June 1, 2010. More than three years elapsed between the consummation of the loan and Plaintiff's invocation of her right to rescind. Therefore, Plaintiff's claim is barred by the statute of limitations.

Moreover, equitable tolling does not apply to rescission under TILA. Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); King, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions). As such, Plaintiff's TILA rescission claim is barred by the statute of limitations.

B.     Damages Under 15 U.S.C. § 1640

In addition to rescission, TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640. Pursuant to Section 1640(e), there is a one-year statute of limitations for civil liability claims under TILA.  Id. § 1640(e).  The limitations period generally runs from the date of consummation of the transaction.  King, 784 F.2d at 915.  Here, as stated above, Plaintiff entered into the loan transaction on March 9, 2007 and initiated the present lawsuit on June 1, 2010.  As such, more than one year elapsed between the consummation of the loan and the filing of the instant action. Therefore, Plaintiff's claim is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin

v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).  In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the plaintiff was in full possession of all loan documents and did not allege fraudulent concealment or any other action that would have prevented discovery of the violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that the plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements").

In this case, Plaintiff alleges that Defendants violated TILA by failing to provide Plaintiff with two copies of the notice of the right to rescind and a written "Truth-in-Lending Disclosure Statement."  (Compl.  ¶¶ 18, 27.)  As in Meyer and Hubbard, Plaintiff fails to allege any facts to demonstrate that equitable

tolling applies.  Plaintiff's assertion that Defendants "fraudulently misrepresented" (id. ¶ 114) and "fraudulent[ly] conceal[ed]" (id. ¶ 115) the terms of Plaintiff's mortgage is conclusory and does not justify application of equitable tolling.[7] Although elsewhere in the Complaint Plaintiff offers examples of Defendants' alleged deceptive acts (id. ¶ 51) and fraud (id. ¶ 72–76), Plaintiff offers no explanation for why she was unable to discover the TILA violations within the one-year statutory period.  These facts without more are insufficient for Plaintiff to invoke the doctrine of equitable tolling.  As such, Plaintiff's TILA damages claim is barred by the statute of limitations.

C.     Recoupment Under 15 U.S.C. § 1640

"[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is founded."  Bull v. United States, 295 U.S. 247, 262 (1935).  The Supreme Court has confirmed that recoupment of damage claims survive TILA's one-year statute of limitations. Beach, 523 U.S. at 418.  However, to circumvent the statute of limitations, the recoupment claim must be asserted as a "defense" in an "action to collect a debt."

---

[7] Plaintiff's argument in support of equitable tolling is actually made under the section of the Complaint entitled Fraudulent Concealment – Tolling of Statute. However, the Court considered these arguments when determining whether equitable tolling should apply under TILA.

15 U.S.C. § 1640(e). Some courts have held that for a recoupment claim to survive a motion to dismiss, the plaintiff must show the following: "(1) the TILA violation and the debt are products of the same transaction; (2) the debtor asserts the claim as a defense; and (3) the main action is timely." Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir. 1984)); Agustin v. PNC Fin. Servs. Grp., --- F. Supp. 2d ----, 2010 WL 1507975, at *18 n.2 (D. Haw. Apr. 15, 2010).

Plaintiff claims that she may "assert the TILA disclosure violations described herein as a recoupment in the amount of $2,000.000 and is entitled to a credit in that amount with regard to their tender obligation, if any, under TILA." (Compl. ¶ 39.) Nowhere does Plaintiff assert TILA recoupment as a defense, nor does Plaintiff point to any "action to collect a debt." Instead, the relevant action in the instant case is a foreclosure auction sale, not an "action to collect a debt."

District courts within this circuit have held that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e). Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1165

(S.D. Cal. 2009) (holding that nonjudicial foreclosures are not "actions" as contemplated by TILA because "actions" refer to judicial proceedings).[8]

Additionally, Plaintiff's conclusory statement that she is asserting the TILA violations as "claims and defenses" is insufficient to prove as much. (Compl. ¶ 39.)  In <u>Ortiz</u>, after the lender filed notice of a nonjudicial foreclosure, but before the sale took place, the plaintiff initiated a lawsuit alleging TILA violations and attempting to assert a recoupment defense.  639 F. Supp. 2d at 1165. On these facts, the court concluded that "'[w]hen the debtor hales the creditor into court, the claim by the debtor is affirmative rather than defensive.'"  <u>Id.</u> (quoting

---

[8] In reaching the conclusion that a nonjudicial foreclosure is not an "action" that survives TILA's statute of limitations, the court in <u>Ortiz</u> reviewed the wording of TILA as well as California state law.  <u>Ortiz</u>, 639 F. Supp. 2d at 1165.  With regard to TILA, the court concluded the Section 1640(e) itself defines an "action" as a court proceeding because it states "'[a]ny action . . . may be brought in any United States district court, or in any other court of competent jurisdiction.'"  <u>Id.</u> (quoting 15 U.S.C. § 1640(e)).  The court also examined California state law, which indicates that an "action" to recover a debt secured by a mortgage on real property results in a judgment from the court directing the sale of the property and distributing the resulting funds.  <u>Id.</u>  Similarly, Hawaii Revised Statute Section 667-1 provides that a "foreclosure by action" occurs when the circuit court assesses the amount due on a mortgage and renders judgment for the amount awarded. Haw. Rev. Stat. § 667-1.  Conversely, a "foreclosure under power of sale," or nonjudicial foreclosure, occurs when the mortgagee forecloses pursuant to the power of sale contained in the mortgage.  <u>Id.</u> § 667-5.  Thus, in Hawaii, a foreclosure by "action" requires a judicial proceeding whereas a nonjudicial foreclosure does not.  The <u>Ortiz</u> court's reasoning clearly applies to the instant case, and the Court finds that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e).

<u>Moor</u>, 784 F.2d at 634).  In this case, there is no evidence that Defendants have initiated any sort of court proceeding against Plaintiff.  Plaintiff's affirmative use of his claim for recoupment is improper and not within the scope of the TILA exception, which permits recoupment as a defensive claim only.  As such, Plaintiff's TILA recoupment claim fails.

For all of the above discussed reasons, Plaintiff's claims for Counts I and II fail to survive this Motion.  Additionally, Plaintiff conceded, in her Opposition, that she does not contest Defendants' Motion for dismissal of these counts.  Accordingly, the Court GRANTS the Motions to Dismiss as to Counts I and II, DISMISSES WITH PREJUDICE Plaintiff's claim for rescission as to all Defendants, and DISMISSES WITHOUT PREJUDICE Plaintiff's claims for damages and recoupment as to all Defendants.

III.    <u>Real Estate Settlement Procedures Act Violations</u>

Count III of the Complaint alleges that Defendants violated RESPA by failing to provide Plaintiff with a timely signed Good Faith Estimate, as required by RESPA.  (FAC ¶¶ 43–46a.)

First, RESPA imposes either a one-year or a three-year statute of limitations depending on the violation alleged.  12 U.S.C. § 2614 (proscribing a one-year statute of limitations for violations of Sections 2607 and 2608 and a

three-year statute of limitations for violations of Section 2605).  Because Plaintiff's alleged RESPA claim arose out of the loan origination, which occurred more than three years before Plaintiff filed the instant action, Plaintiff's claim is barred by the statute of limitations.  Plaintiff argues, in her Opposition, that her RESPA claim should survive this stage of the litigation by invoking the equitable tolling doctrine. (Opp'n at 5–7.)  As discussed above, Plaintiff is not entitled to equitable tolling because she has failed to allege specific facts showing why she could not bring her suit within the limitations period.

Second, Moving Defendants assert that Plaintiff's RESPA claim fails to state a claim because RESPA does not provide for a private right of action when defendant fails to provide a good faith estimate.  (Mot. 1 at 9–10, Mot. 2 at 9.) Accordingly, Plaintiff's RESPA claims would fail even if they were not barred by the statute of limitations because the alleged disclosure violations do not give rise to a private right of action.  See Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) (noting that neither the legislative history nor the statutory text reveals congressional intent to create a private right of action for violations of Section 2604(c), failure to provide the initial good faith estimate); Pressman v. Meridian Mortg. Co., 334 F. Supp. 2d 1236, 1242 n.4 (D. Haw. 2004); Rosal v. First Fed. Bank of California, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009)

(holding that there is no private right of action for disclosure violations under either Section 2603 or Section 2604); <u>Delino v. Platinum Cmty. Bank</u>, 628 F. Supp. 2d 1226, 1232–33 (S.D. Cal. 2009) (citing <u>Collins</u> and dismissing the plaintiff's RESPA claim on the ground that no private right of action exists for failure to provide an initial good faith estimate).  As such, Plaintiff's RESPA claim is barred by the statute of limitations, and fails to state a claim.

Accordingly, the Court GRANTS the Motions to Dismiss as to Count III and DISMISSES WITHOUT PREJUDICE Count III as to all Defendants.

IV.    <u>Count IV: Unfair or Deceptive Acts or Practices – Indymac and OneWest;
        Count V: Unfair or Deceptive Acts or Practices – I-Lend</u>

Plaintiff claims that Defendants Indymac, OneWest, and I-Lend engaged in unfair or deceptive acts and practices ("UDAP") in violation of HRS §§ 480-2(a) and 481A-3.  (Compl. ¶¶ 50, 62.)  HRS § 480-2(a) prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . . ."  HRS § 481A-3 similarly prohibits "deceptive trade practice[s]."  Plaintiff contends that these Defendants violated the aforementioned statutes by: (1) targeting financially unsophisticated and otherwise vulnerable consumers for inappropriate credit products; (2) falsely representing and failing to adequately disclose the true costs and risks of the subject loan and its

20

appropriateness for Plaintiff; (3) making a refinance loan that resulted in little net economic benefit to Plaintiff with the primary objective of general fees; (4) making the loan based on the value of the collateral, without regard to Plaintiff's ability to repay the loan; (5) failing to provide Plaintiff with a timely good faith estimate "GFE"; (6) falsifying or changing and adjusting the amount of Plaintiff's income and amount and source of income on the loan application it prepared without discussion and without consent of Plaintiff; (7) failing to disclose that Indymac approved the loan based on Defendant I-Lend Mortgage's misrepresentations regarding Plaintiff's ability to repay the loan; (8) falsely representing the nature of the documents Plaintiff was told to sign in connection with the loan; and (9) attempting to deprive Plaintiff of her legal right to cancel the loan. (Compl. ¶¶ 51, 63.)

Moving Defendants both argue that they were not the originating lender, and as a subsequent assignee of the mortgage, are not in a principal-agent relationship to the prior mortgagee.[9] (Mot 1. at 13–14, Mot. 2 at 13–14.) Plaintiff argues in her Opposition that the note and mortgage against the Subject Property

---

[9] Defendant Deutsche Bank is not named as a defendant in either of the UDAP counts, so although Deutsche Bank moves to dismiss the UDAP counts, no UDAP claims have been alleged against it. Thus, as to the Moving Defendants, only OneWest is relevant for the remainder of the instant section.

was a nullity from the beginning, based on the original lender's actions, and was thus never assigned to Moving Defendants. (Opp'n at 7–9.)

The first eight of nine UDAP allegations against Indymac, OneWest, and I-Lend arise from the consummation of the loan, thus Moving Defendants correctly argue, and Plaintiff does not disagree, that Moving Defendants were not the originating lenders. Additionally, Plaintiff never properly pled that Moving Defendants were assignees of the mortgage and note, thus they cannot assert assignee liability as against Moving Defendants. Furthermore, even if they had properly pled assignee status, such a claim would fail because HRS 480-2 does not attach liability because an entity is an assignee. Araki v. One West Bank FSB, 2010 WL 5625969 at * 8 (D. Haw. September 8, 2010). Thus, all of Plaintiff's UDAP claims stemming from the consummation of the loan fail to state a claim against Moving Defendants.

Plaintiff's ninth UDAP claim, that Indymac, OneWest, and I-Lend attempted to deprive Plaintiff of her legal right to cancel the loan, contains insufficient facts to satisfy Rule 8 pleading requirements. Plaintiff's vague allegation contains insufficient factual detail to meet the Rule 8 pleading standard, and to survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Iqbal, 129 S.

Ct. at 1949. Plaintiff does not allege any acts committed by Indymac, OneWest, and I-Lend to prevent Plaintiff from exercising their right to cancel the loan, when such acts were committed, or by whom. As such, Plaintiff's ninth UDAP allegation fails as well.

Accordingly, the Court GRANTS the Motions to Dismiss as to Counts IV and V as to Moving Defendants, and notes that the remaining defendants have already been dismissed from the Complaint.

## V.     Count VI: Fraud; and Count For Fraudulent Concealment

In Count VI, Plaintiff claims that I-Lend falsely represented the costs and risk of Plaintiff's loan, its inappropriateness for Plaintiff, the amount of Plaintiff's income on the loan application, the nature of the documents Plaintiff was told to sign, and their knowledge as to the aforementioned falsities, thereby committing fraud. (Compl. ¶¶ 72–75.) While Moving Defendants do not move to dismiss this Count, as it only applies to Defendant I-Lend who has already been dismissed from the Complaint for failure to serve, the Court sua sponte finds that Plaintiff's allegations are insufficient to meet her burden under the more rigorous pleading requirements of Rule 9 that apply to allegations of fraud or mistake.[10]

---

[10] The court may dismiss a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d

(continued...)

See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake).  The claim must "be accompanied by the 'who, what, when, where, and how' of the misconduct charged."  Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009) (internal citation and quotations omitted).  A plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."  Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988).

Here, Plaintiff fails to plead the time and place of any alleged fraud and she also does not specify what role individuals within I-Lend played in the alleged misconduct.  Instead, Plaintiff broadly attributes the allegedly false statements to all of I-Lend generally, without specifying when, where, and by who the false statements were made.   Furthermore, Plaintiff's statement in the Count alleging Fraudulent Concealment, that "Defendants fraudulently misrepresented

---

[10](...continued)
986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

the terms of Plaintiff's loan and mortgage," is a legal conclusions entitled to no weight. (Compl. ¶ 114); <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motions to Dismiss as to the Count alleging Fraudulent Concealment, DISMISSES WITHOUT PREJUDICE the Fraudulent Concealment Count as to all Defendants, and DISMISSES WITHOUT PREJUDICE Count VI as to I-Lend.

VI.     Count VII: Civil Conspiracy; Count VIII: Aiding and Abetting

Count VII of Plaintiff's Complaint claims that Defendants entered into an agreement to accomplish something unlawful, and Count VII alleges that Defendants aided and abetted each other in the engagement of those wrongful acts. (Compl. ¶¶ 81, 87.) Plaintiff's allegations are insufficiently pled under the Rule 8 pleading requirements. Civil conspiracy and aiding and abetting are not independent causes of action in Hawaii, but theories of potential liability that are derivative of other wrongs. <u>See</u> <u>e.g.</u> <u>Weinberg v. Mauch</u>, 890 P.2d 277, 286 (Haw. 1995). First, Plaintiff has not clearly alleged an underlying claim on which her civil conspiracy and aiding and abetting claims are based. Moreover, to the extent that Plaintiff's claims appear to be based on alleged fraudulent activity, as discussed above, Plaintiff's Complaint fails to state a claim for fraud. Additionally, Plaintiff has not rebutted Defendants' contention that the instant

claims appear to be based on fraud, and has not made any other argument in defense of these claims. For all these reasons, Plaintiff's civil conspiracy and aiding and abetting claims do not survive the instant Motion.

Accordingly, the Court GRANTS the Motions to Dismiss as to Counts VII and VIII and DISMISSES WITHOUT PREJUDICE Counts VII and VIII as to all Defendants.

VII.    Count IX: Injunctive Relief – Lack of Standing

In Count IX of the Complaint, Plaintiff asserts that this is "an action for emergency and permanent injunctive relief seeking to restrain Defendants [] from seeking a non-judicial sale upon the subject property during the pendency of this action." (Compl. ¶ 91.) This allegation is based on the fact that Defendants lack standing to foreclose upon the Subject Property. (Id. ¶ 92–93, 96, 100.)[11]

Moving Defendants argue that "[a] request for injunctive relief is a remedy, not a cause of action." (Mot. 1 at 15; Mot. 2 at 14.) Plaintiff does not counter this argument in her Opposition.

---

[11] The Court notes that Plaintiff's Complaint is missing paragraphs 97 and 98.

First, Plaintiff's claim for injunctive relief appears to be dependent on and derivative of Plaintiff's other claims, and not a standalone claim. Because the Court finds that all of Plaintiff's claims should be dismissed, and because Plaintiff fails to allege any facts showing that she is entitled to this equitable remedy, the Court finds that Plaintiff's claim for injunctive relief should be dismissed as well.

Moreover, Plaintiff's Complaint states only that Defendants "are not the real party in interest and are not authorized to bring a foreclosure against" Plaintiff. (Compl. ¶ 92.) Such conclusory allegations are insufficient to state a claim upon which relief may be granted. See <u>Iqbal</u>, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS the Motions to Dismiss as to Count IX and DISMISSES WITHOUT PREJUDICE Count IX as to all Defendants.

VIII. <u>Count X: Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable; Count XI: Wrongful Conversion of Note – Mortgagor Never Consented to Securitization</u>

In Count X of the Complaint, Plaintiff contends that improper restrictions resulting from securitization of the mortgage leaves the note and mortgage unenforceable, and that Plaintiff was neither informed of nor asked to

consent to the securitization of the mortgage. (Compl. ¶ 107–08.) In Count XI of the Complaint, Plaintiff contends that securitization converted the mortgage, rendering it null, void and unenforceable, and that Defendants have no authority to foreclose upon the property. (Id. ¶ 108, 113.)

Despite Plaintiff's laundry list of allegations, the Court is entirely unclear as to what cause of action Plaintiff is bringing this claim under. Plaintiff fails to cite any relevant statute or law under which Defendants' alleged behavior is prohibited. Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests. Fed. R. Civ. P. 8. Defendants, nor the Court, are required to speculate as to which provisions Plaintiff is suing under or how Defendants violated such provisions. Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555. As such, Plaintiff's claims in Counts X and XI fail.

Accordingly, the Court GRANTS the Motions to Dismiss as to Counts X and XI and DISMISSES WITHOUT PREJUDICE Counts X and XI as to all Defendants.

IX.   Leave to Amend

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend her Complaint.  Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE as against Moving Defendants with leave to amend no later than 30 days from the filing of this Order. Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.  Additionally, the Court notes that if an amended complaint is filed and service is not made on any defendants within 120 days of filing, the action will be dismissed without prejudice against those defendants as required by Rule 4(m) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated above, the Court GRANTS Moving Defendants' Motion to Dismiss Complaint.  (Docs. ## 12, 24.)  The Court GRANTS Plaintiffs leave to amend the Complaint as follows:

1.   Counts I and II are DISMISSED WITH PREJUDICE as to Plaintiff's TILA rescission claim and DISMISSED WITHOUT PREJUDICE as to Plaintiff's damages and recoupment claims.

2.      Counts III, IV, V, VI, VII, VIII, IX, X, XI, and the Count for Fraudulent Concealment are DISMISSED WITHOUT PREJUDICE as against all Defendants

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 4, 2011.



_____
David Alan Ezra
United States District Judge

Vierra-Pupunu v. OneWest Bank, et al, Cv. No. 10-00313 DAE KSC; ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT; (2) DISMISSING THE COMPLAINT WITH PREJUDICE AS TO ALL DEFENDANTS NOT NAMED IN THE CAPTION; (3) DISMISSING THE COMPLAINT WITHOUT PREJUDICE AS TO ALL UNSERVED DEFENDANTS; AND (4) GRANTING PLAINTIFF LEAVE TO AMEND THE COMPLAINT